IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| DAVID BROWN<br>10562 Cambridge Circle<br>North Royalton, Ohio 44133<br><br>Plaintiff,<br><br>-vs-<br><br>JAY W. DRAKE<br>████████████<br>████████████<br><br>and<br><br>NORTH ROYALTON POLICE<br>DEPARTMENT<br>14000 Bennett Road<br>North Royalton, Ohio 44133<br><br>and<br><br>THE CITY OF NORTH<br>ROYALTON<br>13834 Ridge Road<br>North Royalton, Ohio 44133<br><br>Defendants. | CASE NO. 03 CV 514281<br><br>JUDGE: POKORNY<br><br>**COMPLAINT**<br>Type: Malicious Prosecution; Abuse of Process<br>False Imprisonment; Negligence<br><br>(Jury Demand Endorsed Hereon) |

NOW COMES Plaintiff David Brown, by and through counsel, and for his claims for relief, state as follows:

### THE PARTIES

1. This lawsuit arises out of conduct and occurrences which took place in Cuyahoga County, Ohio.

2. At all times relevant hereto Plaintiff, David Brown was a resident of North Royalton, Cuyahoga County, Ohio.

3. At all times relevant hereto, Defendant Jay Drake is/was employed by the North Royalton Police Department as a detective acting both individually and in the course and scope of his employment.

4. John Brown is a notorious career criminal, drug dealer and con-man, and at all times relevant hereto was a resident of Cuyahoga County, Ohio. John Brown is the Plaintiff David Brown's brother.

5. Greg Wolf is a known associate of John Brown and Guy Shover, and at all times relevant hereto was a resident of Cuyahoga County, Ohio.

6. Guy Shover is a notorious career criminal, car thief, drug dealer and con-man and at all times relevant hereto was a resident of Cuyahoga County, Ohio.

7. The North Royalton Police Department is a public agency with a duty to serve and protect members of the public who reside in and/or associate with the City of North Royalton, Cuyahoga County, Ohio.

8. The City of North Royalton owns and operates the North Royalton Police department and is a municipal corporation that provides services and conducts business in Cuyahoga County, Ohio.

## INTRODUCTION

9. Plaintiff realleges and incorporates by reference all of the allegations contained in Paragraphs 1 though 8 as if fully rewritten herein.

10. At all times relevant hereto Defendant Jay Drake had an illegal, corrupt relationship with Greg Wolf and/or John Brown and/or Guy Shover and had knowledge of their criminal tendencies and propensity to lie. Plaintiff David Brown was indicted as a direct result of the false information that Greg Wolf and/or John Brown conveyed to Defendant Detective Jay Drake.

11. On or about the evening of March 18, 1997, Plaintiff David Brown's Chevrolet Blazer was stolen from what was formerly Fat Pat's Restaurant on 9387 West Sprague Road in North Royalton, Ohio.

12. Prior to the theft, and unbeknownst to the Plaintiff, Greg Wolf and/or John Brown and/or Guy Shover conspired to have the Chevrolet Blazer stolen in order to obtain money contained in the vehicle which was to be deposited the following day.

13. Plaintiff David Brown had no knowledge of the conspiracy and did not give any of the insurance proceeds he collected from his stolen Chevrolet Blazer to Greg Wolf and/or John Brown and/or Guy Shover.

14. Many years later, Greg Wolf and/or John Brown rented a condo in David Brown's name by falsifying their status as David Brown's agent.

15. Detective Jay Drake handled the criminal investigation against Greg Wolf and/or John Brown involving the fraudulent use of David Brown's name and social security number resulting in the arrest and/or prosecution of Greg Wolf and/or John Brown.

16. Because Plaintiff David Brown refused to testify in the criminal prosecution of Greg Wolf and/or John Brown, relating to the criminal charges involving the condo rental, Defendant Jay Drake solicited false information from Greg Wolf and/or John Brown alleging that Plaintiff David Brown had planned to have his Chevrolet Blazer stolen six (6) years earlier in order to collect the insurance proceeds. Greg Wolf and/or John Brown gave this information with the expectation of having their own pending criminal charges involving the condo matter dropped or reduced.

## COUNT I
### (Malicious Prosecution)

17. Plaintiff realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 16 of this Complaint, as if fully rewritten herein.

18. At all times relevant hereto, Defendant Detective Jay Drake knew with substantial certainty that the information given by Greg Wolf and/or John Brown was false, yet acted maliciously in conveying this information to prosecutors and/or the grand jury who, on or about November 11, 2002, indicted Plaintiff David Brown on one count of tampering with records, two counts of receiving stolen property and two counts of insurance fraud.

19. As a result of the indictment, Plaintiff, David Brown was fingerprinted and deprived of his personal liberty in accordance with usual police practice involving the arrest of a common criminal.

20. While the indictment named the allegedly defrauded insurers, Defendant Jay Drake knew at the time the indictment was issued that the insurers were unwilling to press charges because the charges were not substantiated by facts. In the alternative, Defendant, Jay Drake wantonly and/or recklessly refused to make a reasonable investigation concerning the insurers refusal to press charges or otherwise turned a blind eye toward exculpatory evidence known to him.

21. On the day of trial all charges against Plaintiff David Brown, were dismissed, thereby terminating the criminal prosecution in his favor.

22. Plaintiff David Brown was indicted without probable cause because a reasonable ground of suspicion for criminal culpability did not exist and was not supported by sufficiently strong circumstances to warrant a cautious man in the belief that David Brown was in any way guilty of the offenses with which he was charged.

23. Plaintiff further alleges that based upon the affirmative misrepresentations by Defendant Jay Drake and the misrepresentation by omission of the Defendant Jay Drake, the Cuyahoga County Grand Jury was caused to issue an indictment against Plaintiff without probable cause.

24. At all times relevant hereto, Defendant Detective Jay Drake wantonly and recklessly refused to make a reasonable investigation with regard to the propriety of the information conveyed to the prosecutors and/or grand jury, recklessly failed to assess the credibility of Greg Wolf and/or John Brown; and further failed to rectify the situation at any time during the course of the prosecution. Defendant Jay Drake also acted outside the scope of his employment as a police detective by aiding and/or conspiring with notorious criminals; therefore, he is not entitled to governmental immunity from suit.

25. In the alternative, Defendant Detective Jay Drake knowingly and/or intentionally and/or wantonly and/or recklessly solicited the false information in order to maliciously prosecute Plaintiff, and, therefore, acted outside the scope of his employment as a police detective.

26. In using the unreliable informant's information to institute the unlawful prosecution and cause the indictment of Plaintiff and by continuing the prosecution of Plaintiff right to the day of trial Defendant Jay Drake acted knowingly, unlawfully and maliciously.

27. In refusing to make any sort of reasonable investigation into the allegations and otherwise turning a blind eye toward exculpatory evidence known to him Defendant Jay Drake acted knowingly, willfully and maliciously with a conscious disregard for the rights of Plaintiff, David Brown with a substantial probability of causing harm to Plaintiff, David Brown.

28. As a direct and proximate result of the indictment and malicious prosecution of Plaintiff by Defendant as alleged, Plaintiff suffered damages including but not limited to the following:

    a. hiring counsel to defend against the false charges at expense to himself in the amount of $31,000.00;

    b. lost profits and/or income from his usual business in an amount to be determined at the time of trial;

    b. suffered mental and bodily distress;

    c. was subjected to indignity, humiliation, embarrassment and scorn among those who know him; and

    e. was otherwise injured in his good name and reputation in the community.

## COUNT II
### (Abuse of Process)

29. Plaintiff realleges and incorporates by reference all of the allegations contained in Paragraphs 1 though 28 as if fully rewritten herein.

30. At all times relevant hereto Defendant Jay Drake initiated and continued criminal proceedings against Plaintiff with the ulterior purpose of protecting his reputation and covering up his illegal conduct and/or conspiracy by engaging in the following activities including, but not limited to: knowingly soliciting false information from John Brown and/or Greg Wolf and/or Guy Shover rather than dismissing the criminal proceedings thereby perverting the legal process; misrepresenting the facts in testimony to the grand jury and/or the prosecutor; omitting critical facts in testimony to the grand jury and/or prosecutor; by turning a blind eye toward exculpatory evidence; and presenting perjured testimony to the grand jury.

31. As a direct and proximate result of Defendant's abuse of process, Plaintiff suffered those damages herein before alleged.

## COUNT III
### (False Imprisonment)

32. Plaintiff realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 31 of this Complaint as if fully rewritten herein.

33. Defendant Jay Drake caused Plaintiff David Brown to be intentionally confined, without lawful privilege, against his consent within a limited area.

34. In relying on information from unreliable informants and causing the confinement of Plaintiff, Defendants acted knowingly, unlawfully and maliciously.

35. As a direct and proximate result of Defendant's acts Plaintiff suffered those damages herein before alleged.

## COUNT IV
### (Negligence)

36. Plaintiff realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 35 of this Complaint, as if fully rewritten herein.

37. Defendants Jay Drake, the North Royalton Police Department and the City of North Royalton assumed an affirmative pubic duty to act on behalf of the Plaintiff David Brown through actions and/or promises, and breached the duty by failing to conduct a reasonable investigation as to the theft of his Chevrolet Blazer.

38. Defendants Jay Drake, the North Royalton Police Department and the City of North Royalton initiated surveillance of, and had direct contact with, the Plaintiff David Brown.

39. Plaintiff David Brown justifiably relied on Defendants Jay Drake, the North Royalton Police Department and the City of North Royalton to make a reasonable

investigation as to the theft of his Chevrolet Blazer.

40. Defendants Jay Drake, the North Royalton Police Department and the City of North Royalton's negligence proximately caused Plaintiff David Brown to be injured financially, emotionally, mentally and physically as herein before alleged.

## COUNT V

41. Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 40 as if fully rewritten herein.

42. At all times relevant hereto, Defendant Jay Drake, by engaging in the conduct herein before alleged violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution including but not limited to: the right to be secure in his person and property, the right to be free from malicious prosecution and the right to due process of the law.

43. At all times relevant hereto, the Defendant Jay Drake pursued a policy or custom of the City of North Royalton which operated to deprive Plaintiff of his constitutional rights.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as to Counts I-V as and for compensatory damages in the amount of One Million Dollars ($1,000,000.00) and as for punitive damages in the amount of One Million Dollars ($1,000,000.00) together with interest, costs, attorney fees and any other relief the Court determines to be just and proper.